JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

17-0-1165

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS

FRANKLYN MEDINA

## DEFENDANTS

STERLING INFOSYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff   Delaware County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   New York County, NY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ryan Allen Hancock, Esq., Willig, Williams & Davidson, 1845 Walnut St., 24th Fl., Philadelphia, PA 19103, (215) 656-3679

Attorneys *(If Known)*

Jacob Oslick, Esq., Seyfarth Shaw LLP, 620 Eighth Ave., 32nd Fl., New York, NY 10018, (212) 218-5500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1681b(b)(2)

Brief description of cause:
Alleged violation of the federal Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   Joel H. Slomsky

DOCKET NUMBER   2:16-cv-4945-JSH (ED Pa.)

DATE

SIGNATURE OF ATTORNEY OF RECORD

MAR 16 2017

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT                  APPLYING IFP                    JUDGE                    MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**17   1165**

Address of Plaintiff: 704 Columbus Court, Wallingford, PA 19086

Address of Defendant: 1 State Street Plaza, New York, NY 10004

Place of Accident, Incident or Transaction: Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☒ / No ☐

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*
Case Number: 2:16-cv-4945-JHS   Judge Hon. Joel H. Slomsky   Date Terminated: still pending

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☒  No

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) alleged violation of the federal Fair Credit Reporting Act

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

Jacob Oslick, Esq.
_____, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case can exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____  Attorney-at-Law   PA Atty. ID No. 311028
Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

MAR 16 2017

DATE: _____   _____  Attorney-at-Law   PA Atty. ID No. 311028
Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| FRANKLYN MEDINA | : | CIVIL ACTION |
| v. | : | **17    1165** |
| STERLING INFOSYSTEMS, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          (✓)

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (  )

| | | |
|---|---|---|
| 03/14/2017 | | Defendant Sterling Infosystems, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (212) 218-5500 | (212) 218-5526 | joslick@seyfarth.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR 16 2017

# SEYFARTH SHAW

620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
212-218-6480
Writer's e-mail
joslick@seyfarth.com

**17    1165**

March 13, 2017

**VIA FEDERAL EXPRESS**

The Office of the Clerk of Court
United States District Court
Eastern District of Pennsylvania
Room 2609
601 Market Street
Philadelphia, PA 19106-1797

> Re:   *Medina v. Sterling Infosystems, Inc.,*
> __Civil Action Case Opening__

Dear Clerk of the Court:

Enclosed for filing please find the following original documents:

- **NOTICE OF REMOVAL;**

- **CORPORATE DISCLOSURE STATEMENT** (Original + 2 Copies per F.R.C.P. 7.1(a));

- **CIVIL COVER SHEET;**

- **CASE DESIGNATION FORM;**

- **CASE MANAGEMENT TRACK DESIGNATION FORM;**

- **[ECF] VALIDATION OF SIGNATURE FORM** (pursuant to this court's Electronic Filing Procedures, Local Rule 5.1.2, Section 3);

- **COMPUTER DISK**  (pursuant to this court's Electronic Filing Procedures, Local Rule 5.1.2, Section 16); and

- **$400.00 CHECK** (to issue docket no./commence court action).

At your earliest convenience, kindly date stamp our enclosed file copies (as received for filing by the court) and return same to my attention using the enclosed pre-paid, self-addressed, FedEx envelope.

WASHINGTON, D.C.   SYDNEY   SHANGHAI   SAN FRANCISCO   SACRAMENTO   NEW YORK   MELBOURNE   LOS ANGELES   LONDON   HOUSTON   CHICAGO   BOSTON   ATLANTA

37827948v.1



Clerk of the Court
March *13*, 2017
Page 2

Should you have any questions, please do not hesitate to call.

Respectfully submitted,

SEYFARTH SHAW LLP

Jacob Oslick

Enclosures

cc: Ryan Allen Hancock, Esq.

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANKLYN MEDINA,

        Plaintiff,

    v.

STERLING INFOSYSTEMS, INC.

        Defendant.

Civil Action No. ___**17**___ **1 1 6 5**

**FILED**

**MAR 1 6 2017**

KATE BARKMAN, Clerk
By_____Dep. Clerk

### NOTICE OF REMOVAL

To:    United States District Court for the Eastern District of Pennsylvania

        The Clerk of the Court of Common Pleas of Philadelphia, Pennsylvania

        Ryan Allen Hancock, Esq.
        WILLIG, WILLIAMS & DAVIDSON
        1845 Walnut Street, 24th Floor
        Philadelphia, PA 19103

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Sterling Infosystems, Inc. ("Sterling" or "Defendant"), by and through its attorneys, Seyfarth Shaw LLP, files this Notice of Removal with respect to Plaintiff Franklyn Medina's ("Plaintiff") Complaint filed in the Court of Common Pleas of Philadelphia County, Pennsylvania Civil Division on February 8, 2017. In support of this Notice, Sterling states as follows:

**I.**      **Background**

      1.    Plaintiff commenced a civil action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania Civil Division entitled, *Medina v. Sterling Infosystems, Inc.*, Civil Action No. 002513 (the "State Court Action). On February 24, 2017, Sterling was served Plaintiff's Complaint. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of service of Plaintiff's Complaint upon Sterling.

3.      Venue is proper in this district under 28 U.S.C. § 1441(a) because this District and division embrace the place where the action will be pending.

4.      Written notice of the filing of this Notice of Removal is being delivered to Plaintiff through his counsel of record. A copy of the Notice of Removal will be filed with the Clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania Civil Division.

5.      Pursuant to 28 U.S.C. § 1331, and as explained further below, this Court has original jurisdiction over the instant action.

II.      **Removal is Proper Because This Court Has Federal Question Jurisdiction**

6.      Under 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

7.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the instant action because Plaintiff asserts a single count for violation of federal law. In the Complaint, Plaintiff alleges that Sterling violated the federal Fair Credit Reporting Act, 15 U.S.C. §§1681b(b)(2). *See* Compl. ¶¶ 84-86.

8.      Because Plaintiff asserts a claim under the laws of the United States, this Court has original federal question jurisdiction over Plaintiff's action. Accordingly, removal of Plaintiff's Complaint is proper pursuant to 28 U.S.C. § 1331.


WHEREFORE, Sterling respectfully removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania Civil Division to the United States District Court for the Eastern District of Pennsylvania.

2

**DATED: March 13, 2017**

Respectfully submitted,

By: _____

Jacob Oslick - PA Atty. ID No. 311028
Courtney Stieber*
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526
joslick@seyfarth.com
cstieber@seyfarth.com

Pamela Q. Devata*
John W. Drury*
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
pdevata@seyfarth.com
jdrury@seyfarth.com

*To be admitted *pro hac vice*

*Attorneys for Defendant Sterling Infosystems, Inc.*

## CERTIFICATE OF SERVICE

I, hereby certify that I caused to be served a true and correct copy of the foregoing

**NOTICE OF REMOVAL** by Federal Express, on March *13*, 2017, upon the following counsel of

record for Plaintiff Franklyn Medina:

> Ryan Allen Hancock, Esq.
> WILLIG, WILLIAMS & DAVIDSON
> 1845 Walnut St., 24th Fl.
> Philadelphia, PA 19103

Jacob Oslick - PA Atty ID No. 311028

**FILED**

MAR 16 2017

KATE BARKMAN, Clerk
By_____ Dep. Clerk

# EXHIBIT A



Law Offices of
**Willig, Williams & Davidson**
Twenty-Fourth Floor
1845 Walnut Street
Philadelphia, Pennsylvania 19103

(215) 656-3600
www.wwdlaw.com

Ryan Allen Hancock
Phone: (215) 656-3679
Fax: (215) 561-5135

rhancock@wwdlaw.com

February 22, 2017

320037-15

_Via First-Class and Certified Return Receipt Requested Mail_

Sterling Infosystems, Inc.
1 State Street
24th Floor
New York, NY 10004-1561

Re: Franklyn Medina v. Sterling Infosystems, Inc.
Court of Common Pleas, Philadelphia County,
February Term, 2017, No. 002513

Dear Sir/Madam:

Our firm represents Plaintiff Franklyn Medina in the above-referenced litigation which was filed on February 8, 2017.

Enclosed please find a copy of the Civil Cover Sheet, Notice to Defend, Complaint with Exhibit A and Verification. A response to the Complaint must be filed twenty (20) days after service.

If you have any questions, feel free to contact me. Thank you for your attention in the matter.

Very truly yours,

**RYAN ALLEN HANCOCK**

RAH/djw
Enclosure

Harrisburg Office: 212 Locust Street, Suite 601, Harrisburg, PA 17101 • (717) 221-1000
Jenkintown Office: 801 Old York Road, Suite 313, Noble Plaza, Jenkintown, PA 19046 • (215) 884-7352
South Jersey Office: 101 Windsor Avenue, Haddonfield, NJ 08033 • (856) 616-0606
Media Office: Second Floor, 221 North Olive Street, Media, PA 19063 • (610) 566-3930
North Jersey Office (Livingston Siegel DiMarzio, LLP, Of Counsel): 661 Franklin Avenue, Nutley, NJ 07110 • (973) 661-4545
Chicago Office (Illinois Advocates LLC, Of Counsel): 77 W. Washington Street, Suite 2120, Chicago, IL 60602 • (312) 818-6750



Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**FEBRUARY 2017**    **002513**

E-Filing Number: 1702019299

| | |
|---|---|
| PLAINTIFF'S NAME<br>FRANKLYN MEDINA | DEFENDANT'S NAME<br>STERLING INFOSYSTEMS, INC. |
| PLAINTIFF'S ADDRESS<br>704 COLUMBUS COURT<br>WALLINGFORD PA 19086 | DEFENDANT'S ADDRESS<br>1 STATE STREET 24TH FLOOR<br>NEW YORK NY 10004-1561 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint    ☐ Petition Action    ☐ Notice of Appeal<br>☐ Writ of Summons    ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☒ Other: CLASS ACTION | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

C1 - CLASS ACTION

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>FEB **08** 2017<br><br>**M. BRYANT** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: FRANKLYN MEDINA

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>RYAN A. HANCOCK | ADDRESS<br>WILLIG, WILLIAMS & DAVIDSON<br>1845 WALNUT STREET, 24TH FLOOR<br>PHILADELPHIA PA 19103 |
|---|---|
| PHONE NUMBER<br>(215)656-3679 | FAX NUMBER<br>(215)561-5135 | |
| SUPREME COURT IDENTIFICATION NO.<br>92590 | E-MAIL ADDRESS<br>rhancock@wwdlaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>RYAN HANCOCK | DATE SUBMITTED<br>Wednesday, February 08, 2017, 11:41 am |

FINAL COPY (Approved by the Prothonotary Clerk)

Ryan Allen Hancock, PA Bar No. 92590
Bruce M. Ludwig, PA Bar No. 23251
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Telephone: 215-656-3679
Facsimile: 215-561-5135
rhancock@wwdlaw.com



*Attorneys for Plaintiff and Proposed Class Members*

| | |
|---|---|
| FRANKLYN MEDINA, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiff, | |
| | FEBRUARY TERM, 2017 |
| v. | |
| STERLING INFOSYSTEMS, INC. | No:_____ |
| Defendant. | |

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | "Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demandaen contra suya sin previo aviso o notificacion. Ademas, la corte puede decidira favor del demandante y require que usted cumplacon todas las provisiones de esta demanda. Usted puede perder dinero o sus propriedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE SI NO TIENEABOGADO O SI NO TIENE EL DINERO SUFFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONOA LA OFFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION<br>Lawyer Referral and Information Service<br>1101 Market Street, 11th Floor<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701 | ASSOCIACION DE LICENCIADOS DE FILADELFIA<br>Servicio De Referencia E Informacion Legal<br>1101 Market Street, 11th Floor<br>Filadelfia, Pennsylvania 19107, (215) 238-1701 |

IN THE COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| FRANKLYN MEDINA, | : | FEBRUARY TERM, 2017 |
| | : | |
| Plaintiff, | : | NO. _____ |
| | : | |
| v. | : | CLASS ACTION |
| | : | |
| STERLING INFOSYSTEMS, INC. | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

## COMPLAINT – CLASS ACTION

Franklyn Medina ("Plaintiff"), by and through his attorneys, on behalf of himself, the
Invasion of Privacy Class set forth below, and in the public interest, brings this Class Action
Complaint against Sterling Infosystems, Inc. ("Defendant"), pursuant to the federal Fair Credit
Reporting Act ("FCRA").

## INTRODUCTION

1.    This is a case about privacy. Defendant routinely and systematically violates the
FCRA's basic protections by providing consumer reports to entities it knows have failed to obtain
written authorization prior to procuring criminal background reports on applicants and employees
as required by 15 U.S.C. § 1681b(b)(2).

2.    As a consumer reporting agency that provides reports for employment purposes,
Defendant has an obligation to *only* provide consumer reports to entities that have received written
authorization from the subject of the report.

3.    However, Defendant ignores this obligation, sending reports to companies it knows
do not have proper written authorization.

4.     This conduct violates both the clear language of the FCRA and longstanding regulatory guidance governing the circumstances in which consumer reporting agencies may provide consumer reports. Both the legislative history of the FCRA and on-point FTC guidance make clear that a consumer's written authorization is not fungible. Any corporation which procures a consumer report for employment purposes must have written authorization to do so.

5.     Defendant's practice of providing background reports on consumers to companies that did not have written authorization was routine and systematic. Plaintiff therefore asserts claims for damages on behalf of himself and a Class of similarly situated individuals on whom Defendant caused a consumer report to be procured without first obtaining written authorization.

6.     Plaintiff in this action seeks in excess of $50,000.00 in monetary damages for himself and the proposed Class, and hence the amount in dispute exceeds the amount requiring arbitration pursuant to the local rules of the Philadelphia Court of Common Pleas.

## THE PARTIES

7.     Plaintiff Franklyn Medina is an individual residing at 704 Columbus Court, Wallingford, Pennsylvania 19086.

8.     Defendant Sterling Infosystems is a Delaware Corporation, with its principal place of business in New York. Defendant does business in every state in the country, including Pennsylvania.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over Plaintiff's claims based on concurrent jurisdiction under 15 U.S.C. § 1681p.

3

Case ID: 170202513

10. The Courts of Common Pleas of this Commonwealth are endowed with full authority as provided by law, which extends to causes of action arising under federal law. 42 Pa. C.S.A. § 931.

11. The Court has personal jurisdiction over Defendant.

12. Venue in this Court is proper under Pennsylvania Rules of Civil Procedure 1006 and 2179 because Defendant regularly conducts business in Philadelphia County.

## STATUTORY BACKGROUND

13. Despite its name, the Fair Credit Reporting Act regulates not only credit reports, but also criminal background checks. *See* § 1681a(d)(1)(B) (defining "consumer report" as including reports which are for the purpose of establishing the consumer's eligibility for employment).

14. Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit, and when they applied for housing; second, that despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

15. While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the *confidentiality*, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681 (emphasis added).

16. Through the FCRA, Congress mandated that consumer reports are private.

17. Congress made it illegal for a consumer reporting agency to furnish a consumer report without the recipient having a permissible purpose for doing so. *See generally* § 1681b ("a

4

consumer reporting agency may furnish a consumer report under the following circumstances and no other…").

18.     Congress also required that anyone who was procuring a consumer report have a "permissible purpose" for doing so. *Id.*

19.     Many of the permissible purposes established by Congress do not require the consumer's authorization or consent. For example, when a consumer applies for credit, the potential creditor may procure a report without even notifying the consumer, much less obtaining the consumer's permission. 15 U.S.C. § 1681b(c).

20.     In the context of reports procured for employment purposes, however, Congress went above and beyond the normal requirement that the person procuring the report merely have a permissible purpose for doing so.

21.     With respect to reports procured for employment purposes, Congress required employers to disclose to applicants that a consumer report would be obtained for employment purposes before procuring the report. 15 U.S.C. § 1681b(b)(2)(A)(i).   Congress viewed this disclosure as so important that Congress mandated that the disclosure be provided "in a document consisting solely of the disclosure."

22.     In addition to requiring the disclosure Congress also required employers to obtain written authorization from the consumer "for the procurement of the report *by that person.*" 15 U.S.C. § 1681b(b)(2)(A)(ii) (emphasis added).

23.     The legislative history of the FCRA clearly indicates that Congress's purpose in requiring disclosure and written authorization prior to an employer procuring a consumer report was to protect consumers' privacy.

24.     A prime motivation for the FCRA was the impact of third-party data collection on

5

the employment market and particularly on individual job seekers. When it passed the FCRA, Congress voiced a strong "concern[ ]" that "permit[ting] employers to obtain consumer reports pertaining to current and prospective employees...may create an improper invasion of privacy." S. Rep. No. 104-185, at 35 (1995). The FCRA thus "sought to protect the privacy interests of employees and potential employees by narrowly defining the proper usage of these reports and placing strict disclosure requirements on employers." *Kelchner v. Sycamore Manor Health Ctr.*, 305 F. Supp. 2d 429, 435 (M.D. Pa. 2004), *aff'd*, 135 F. App'x 499 (3d Cir. 2005); *see also id.* at 436.

25.     The written authorization requirement at issue here is contained in § 1681b, titled "Permissible Purposes of Consumer Reports." Absent the job seeker's informed consent, it is illegal for a company to obtain a job applicant's consumer report for employment purposes. *See* § 1681b(b)(2)(A) ("[A] person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the disclosure and authorization requirements); *see also Harris v. Home Depot U.S.A., Inc.*, 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015) ("The FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization.").

26.     As one legislator explained, the FCRA's protections represented "new safeguards to protect the privacy of employees and job applicants;" the Act as a whole, he continued, was "an important step to restore employee privacy rights." 140 Cong. Rec. H9797-05 (1994) (Statement of Congressman Vento); *see also* 138 Cong. Rec. H9370-03 (1992) (Statement of Congressman Wylie) (stating that the FCRA "would limit the use of credit reports for employment purposes, while providing current and prospective employees additional rights and privacy protections").

## ALLEGATIONS RELATING TO PLAINTIFF'S CLASS ACTION CLAIMS

6

27.    Defendant operates as a consumer reporting agency that sells reports for employment purposes.

28.    Sterling is a consumer reporting agency within the meaning of the FCRA because it sells background reports to paying customers in order to help those customers evaluate applicants and employees for employment purposes. *See generally* www.sterlingtalentsolutions.com (site last visited Feb. 6, 2017); *see also* www.sterlingtalentsolutions.com/About/About-Us (site last visited Feb. 6, 2017) ("Since 1975, we've been serving organizations . . . with high quality employment screening and hiring solutions . . . our team of more than 3,500 employees proudly serves over 50,000 customers around the world.").

29.    In addition to preparing, selling and furnishing consumer reports, Defendant also serves as a liaison between companies procuring reports and the consumers who are the subjects of those reports.

30.    Specifically, Defendant provides an electronic interface whereby it purports to send an FCRA compliant authorization form to consumers whereby the consumer can authorize Defendant's client to receive a report on the consumer.

31.    Defendant emails authorization forms to consumers/job applicants. The consumers/job applicants can then electronically sign those forms to authorize Defendant's customer to receive a consumer report about the consumer.

32.    This service is valuable to Defendant because it is an additional revenue stream for Defendant's business. Moreover, it allows Defendant to automate the fulfillment process; as soon as Defendant receives the consumer's electronically signed form, it sends a report to its customer.

33.    In early 2015, Plaintiff applied for work in Philadelphia through a staffing agency called Set and Serve Resources.

7

34.     On or about February 11, 2015, an individual named Ashley Kropp sent Plaintiff an email from an email address called backgroundcheck@aespeo.com.

35.     The email said it was "sent by Sterling on behalf of Set and Service Resources."

36.     The email asked Plaintiff to click a link taking him to Sterling's website where he would "review and complete an electronic consent and authorization to procure a background check."

37.     The email said that before any information was "collected through Sterling's secure website" he would "have the opportunity to learn more about your rights under the Fair Credit Reporting Act and the privacy and security of the information you provide."

38.     The email did not mention a company named Omega, LLC. Nor did it disclose that a company named Administrative Employer Services, Inc. ("AES") was going to procure the report, instead of Set and Service Resources.

39.     Despite the fact that the email said it was "sent by Sterling, a consumer reporting agency, on behalf of Set and Service Resources" the initials "AES" appeared under Ms. Kropp's name.

40.     The email contained no information about who (or what) AES was. It did not include an address, a telephone number, a description of what AES did, or any other information about AES.

41.     After Plaintiff clicked on the link to the Sterling site, Plaintiff was presented with the document attached hereto as Exhibit A.

42.     Exhibit A purports to be a disclosure form and authorization to procure a background check.

43.     Plaintiff signed Exhibit A electronically.

8

44.   Via a separate email on February 11, 2015, Omega Resource Solutions, LLC informed Plaintiff that it had contracted with "SaSR" to enhance the variety of human resources services you receive." Omega's email also informed Plaintiff that, to be eligible for work, he was required to submit an I-9 form.

45.   In this email, Omega touted its respect for Plaintiff's confidentiality, stating that it was "committed to a strict standard of confidentiality." The email did not mention background checks.

46.   Plaintiff did not wish to work in merchandising any further, and never returned the I-9 form that Omega told him was a condition for continued work.

47.   On or around February 12, 2015, Sterling sent Administrative Employer Services, Inc. a consumer report on Plaintiff.

48.   Because the report contained information regarding whether Plaintiff had a criminal history, the background check contained information regarding Plaintiff's "character, general reputation, personal characteristics, or mode of living." 15 U.S.C. § 1681a(d).

49.   Because the background report contained information regarding Plaintiff's "character, general reputation, personal characteristics, or mode of living," the background check was a consumer report as defined under the FCRA. 15 U.S.C. § 1681a(d).

50.   Sterling knew Administrative Employer Services had failed to obtain Plaintiff's written authorization prior to procuring a consumer report on him.

51.   Exhibit A, which Defendant sent to Plaintiff, does not mention AES. Instead, Exhibit A mentions only Omega Solutions, LLC ("Omega") as the entity that Plaintiff was asked to authorize to obtain a background check report.

9

52.    AES did not obtain Plaintiff's report from Omega. Rather, Sterling sent Plaintiff's report directly to AES.

53.    The FCRA specifically requires that the consumer consent, in writing, to the procurement of the report "by that person" who is procuring the report or causing it to be procured.

54.    Absent the Plaintiff's written consent, Defendant lacked any permissible purpose to provide Plaintiff's report to AES.

55.    Defendant knew this consent was lacking, because Defendant received Plaintiff's written authorization form, which only mentioned Omega. Further, the face of the report specifically states that it was sent to AES.

56.    As long ago as 1998, the FTC opined on the circumstances under which two parties may share consumer reports with one another. *See* Advisory Opinion to Throne (November 20, 1998) available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-throne-11-20-98.

57.    The FTC made it clear that all users of consumer reports must have a permissible purpose for using the report. *Id.*

58.    In the context of reports obtained for employment purposes, § 1681b(b)(2)(A)(ii) requires that all users have received written authorization for the "procurement of the report by that person."

59.    AES had no such written authorization, and therefore lacked a permissible purpose under the Act.

60.    Moreover, Plaintiff's consent to the procurement of the report was not properly informed by Exhibit A, which named only Omega. Nor was it properly informed by the email,

10

which did not mention Omega at all, but instead said it was being sent by Sterling on behalf of Set and Service Resources.

## DEFENDANT'S ILLEGAL BUSINESS PRACTICES

61.　Defendant knew that it had an obligation to obtain written authorization before furnishing a consumer report on Plaintiff.

62.　Defendant was sued over four years ago for failing to ensure that its customers had obtained written authorization from consumers before furnishing consumer reports. *Ernst v. DISH Network, LLC*, 1:12-cv-08794 (S.D.N.Y Dec. 4, 2012).

63.　Defendant was also recently criticized in an audit conducted by the state of Pennsylvania regarding its compliance with a data use contract with the Department of Transportation. The audit criticized Sterling for, among other failings, having "inadequate controls over the use of personal information."

64.　Despite *DISH*, Defendant continues to play fast and loose with the FCRA's requirement that consumers consent, in writing, to the furnishing of any consumer report to any person.

65.　Defendant ignores the FCRA's strict privacy protections because it is in its interest to do so. Many of Defendant's customers are entities with non-traditional workforce arrangements, such as AES (which provides human resource services to third-party employers) or DISH (which uses a network of third-party companies to provide its workforce). The fact that these entities are receiving copies of consumers' reports is often totally unknown to the consumers, as they have little or (as in Plaintiff's case) no direct contact with the consumer.

66.　Rather than exposing its clients' business arrangements and revealing the specific identities of the people to whom it is selling reports, Defendant instead feigns compliance with the

11

Case ID: 170202513

FCRA, sending authorizations which name entities other than those to whom it is actually providing reports.

67.     Defendant knew that the FCRA governed its actions, and its actions are directly contrary to the FCRA's requirement that the entity procuring the report from the consumer reporting agency must have written authorization to do so.

68.     Interpreting the FCRA to allow unnamed parties to obtain consumer reports directly from consumer reporting agencies would directly undermine the requirement of the FCRA that the authorization be for the procurement of the report "by that person."

69.     By systematically failing to ensure that its customers had procured Plaintiff's and other Class members' written authorizations to procure their reports, Defendant willfully violated 15 U.S.C. § 1681b.

70.     As a result of Defendant's failure to comply with the FCRA, Plaintiff and Class members experienced a concrete injury in the form of having their privacy invaded by Defendant furnishing their consumer reports when it had no legal right to do so.

71.     As a result of Defendant's failure to comply with the FCRA's written authorization requirement, Plaintiff and Class members experienced a concrete injury in the form of being deprived of information, namely the true identity of the party that would procure their reports.

## CLASS ACTION ALLEGATIONS

72.     Plaintiff brings this case as a class action pursuant to Pa. R. Civ. P. 1701-16.

73.     Plaintiff asserts Count I on behalf of himself and the proposed **Invasion of Privacy Class** defined as follows:

All individuals on whom Defendant furnished a consumer report for employment purposes where Defendant was responsible for sending electronic authorization forms to the consumer which named an entity other than the entity to whom the

12

reports were furnished. Class membership begins on the date two years prior to the filing of Plaintiff's initial Complaint, and continues through the date on which the class list is prepared.

74.     The Classes satisfy the requirements of Pa. R. Civ. P. 1702.

75.     Numerosity: The Class membership is so numerous that joinder of all Class members is impracticable. Defendant furnished reports on thousands of workers, many of whom are members of the Class.

76.     Typicality: Plaintiff's claims are typical of the members of the Class. It is typical for Defendant to furnish consumer reports for employment purposes, and Defendant often furnishes consumer reports to entities other than those named on the authorization forms it provides. The FCRA violations suffered by Plaintiff are typical of those suffered by other Class members, and Defendant treated Plaintiff consistently with other Class members in accordance with its standard policies and practices.

77.     Adequacy: Plaintiff will fairly and adequately protect the interests of the Classes pursuant to Pa. R. Civ. P. 1709 because he and his experienced and well-financed counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the Classes.

78.     Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

        a.     Whether Defendant furnishes consumer reports for employment purposes;

        b.     Whether Defendant furnishes consumer reports to entities other than those named on the authorization forms it receives from consumers;

        c.     Whether Defendant violated the FCRA by furnishing consumer reports to entities it knew had not obtained consent as required by the Act;

13

      d.  Whether Defendant's violations of the FCRA were willful; and

      e.  The proper measure of damages against Defendant.

79.    The Classes satisfy the requirements of Pa. R. Civ. P. 1708.

80.    Class certification is appropriate under Rule 1708 because, *inter alia*, questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Class certification will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action is not likely to present any difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

81.    In view of the complexities of the issues and the expenses of litigation the separate claims of individual Class members are insufficient in amount to support separate actions.

82.    Yet, the amount which may be recovered by individual Class members will be large enough in relation to the expense and effort of administering the action to justify a class action. The administration of this action can be handled by Class counsel or a third party administrator, and the costs of administration will represent only a small fraction of the ultimate recovery to be achieved.

83.    Plaintiff intends to send notice to all members of the Class to the extent required by Rule 1712. The names and addresses of the class members are available from Defendant's records.

## CLAIM FOR RELIEF

### *Furnishing Reports to Entities Who Lack a Permissible Purpose*
### 15 U.S.C. § 1681b
### (On Behalf of Plaintiff and the Invasion of Privacy Class)

84.     Defendant violated the FCRA by furnishing consumer reports on Plaintiff and the Invasion of Privacy Class members which it knew had not obtained the informed written consent required by the FCRA. *See* 15 U.S.C. § 1681b.

85.     Defendant acted willfully and in knowing or reckless disregard of its obligations and the rights of Plaintiff and the Invasion of Privacy Class members. In addition to the conduct set forth above, Defendant's willful conduct is reflected by, among other things, the fact that it violated a clear statutory mandate set forth in 15 U.S.C. § 1681b, and that Defendant had documents in its possession which showed it was sending reports to entities which did not have written authorization to receive them. Further:

(a)     The written authorization provision was enacted in 1996 and has been in force since Defendant's founding;

(b)     Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance; judicial interpretation, and the plain language of the statute;

(c)     Defendant repeatedly and routinely uses the same unlawful documents it provided to Plaintiff with numerous applicants on whom it furnishes consumer reports;

(d)     Despite the pellucid statutory text and there being a depth of guidance, Defendant systematically furnished consumer reports without first obtaining written authorization to do so;

(e)     Defendant has been sued for this same conduct before; and

15

(f)     By adopting such a policy, Defendant voluntarily ran a risk of violating the
law substantially greater than the risk associated with a reading that was
merely careless.

86.     Plaintiff and the Invasion of Privacy Class members are entitled to statutory
damages of not less than $100 and not more than $1,000 for each and every one of these violations,
pursuant to 15 U.S.C. § 1681n(a)(1)(A). Plaintiff and the Invasion of Privacy Class members are
also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2). Plaintiff
and the Invasion of Privacy Class members are further entitled to recover their costs and attorneys'
fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

87.     WHEREFORE, Plaintiff, on behalf of himself and the Classes, prays for relief as
follows:

(a)     Determining that this action may proceed as a class action under Rule 1708;

(b)     Designating Plaintiff as a Class Representative and designating Plaintiff's
counsel as counsel for the Classes;

(c)     Issuing proper notice to the Classes at Defendant's expense;

(d)     Declaring that Defendant violated the FCRA;

(e)     Declaring that Defendant acted willfully, in knowing or reckless disregard
of Plaintiff's rights and its obligations under the FCRA;

(f)     Awarding statutory damages and punitive damages as provided by the
FCRA;

(g)     Awarding reasonable attorneys' fees and costs as provided by the FCRA;

16

(h)     Granting other and further relief, in law or equity, as this Court may deem

appropriate and just.

## JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Date: **February 8, 2017**

Ryan Allen Hancock, PA Bar No. 92590
Bruce M. Ludwig, PA Bar No. 23251
WILLIG, WILLIAMS & DAVIDSON
1845   Walnut Street, 24th Floor
Philadelphia, PA 19103
Telephone: 215-656-3679
Facsimile: 215-561-5135
rhancock@wwdlaw.com

Jennifer MacNaughton, PA Bar No. 88424
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: 215-875-3025
Facsimile: 215-875-4604
jmacnaughton@bm.net

E. Michelle Drake
Joseph C. Hashmall
Admitted *pro hac vice*
BERGER & MONTAGUE, P.C.
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: 612-594-5933
Facsimile: 612-584-4470
emdrake@bm.net
jhashmall@bm.net

*ATTORNEYS FOR PLAINTIFF AND*
*PROPOSED CLASS MEMBERS*

17

EXHIBIT A

View                                                                    Page 1 of 2

## CONSENT TO REQUEST CONSUMER REPORT & INVESTIGATIVE CONSUMER REPORT INFORMATION

I, **Medina        Franklyn        Ray**
LAST NAME        FIRST NAME        MIDDLE NAME                    (PLEASE INCLUDE Jr., Sr., II, III Etc.)

I understand that Omega Solutions LLC ("COMPANY") will use Sterling Infosystems Inc., 1 State Street, New York, NY 10004, (877) 424-2457 to obtain a consumer report and/or investigative consumer report ("Report") for employment purposes. I also understand that if hired, to the extent permitted by law, COMPANY may obtain further Reports throughout my employment for an employment purpose from Sterling. I authorize COMPANY to provide a copy of any reports obtained to any interested parties which requests to see a report or reports as a condition precedent to any work assignment. I may revoke this authorization at any time.

I understand Sterling InfoSystems Inc.'s ("STERLING") investigation may include obtaining information regarding my character, general reputation, personal characteristics and standard of living, driving record and criminal record, subject to any limitations imposed by applicable federal and state law. I understand such information may be obtained through direct or indirect contact with former employers, schools, financial institutions, landlords and public agencies or other persons who may have such knowledge. If an investigative consumer report is being requested, I understand such information may be obtained through any means, including but not limited to personal interviews with my acquaintances and/or associates or with others whom I am acquainted.

The nature and scope of the investigation sought is indicated by the selected services below: (Employer Use Only)

- SSN Trace
- Criminal Background Check
- OFAC/Terrorist Watch List

I acknowledge receipt of the attached summary of my rights under the Fair Credit Reporting Act and, as required by law, any related state summary of rights (collectively "Summaries of Rights").

This consent will not effect my ability to question or dispute the accuracy of any information contained in a Report. I understand if COMPANY makes a conditional decision to disqualify me based all or in part on my Report, I will be provided with a copy of the Report and another copy of the Summaries of Rights, and if I disagree with the accuracy of the purported disqualifying information in the Report, I must notify COMPANY within five business days of my receipt of the Report that I am challenging the accuracy of such information with STERLING.

I hereby consent to this investigation and authorize COMPANY to procure a Report on my background.

In order to verify my identity for the purposes of Report preparation, I am voluntarily releasing my date of birth, social security number and the other information and fully understand that all employment decisions are based on legitimate non-discriminatory reasons.

The name, address and telephone number of the nearest unit of the consumer reporting agency designated to handle inquiries regarding the investigative consumer report is:

Sterling InfoSystems, Inc. | 1 State Street 24th Floor New York, NY 10014 | 877-424-2457 | or | 5750 West Oaks Boulevard, Ste. 100 Rocklin, CA 95765 | or | 6111 Oak Tree Boulevard, Independence, OH 44131 | 800-853-3228

☒ California, Maine, Massachusetts, Minnesota, New Jersey & Oklahoma Applicants Only: I have the right to request a copy of any Report obtained by COMPANY from STERLING by checking the box. (Check only if you wish to receive a copy)

California, Connecticut, Maryland, Oregon, Vermont and Washington State Applicants Only (AS APPLICABLE): I further understand that COMPANY will not obtain information about my credit history, credit worthiness, credit standing, or credit capacity unless: (i) the information is required by law; (ii) I am seeking employment with a financial institution (California, Connecticut and Vermont only – in California the financial institution must be subject to Sections 6801-6809 of the U.S. Code and in Vermont it must be a financial institution as defined in 8 V.S.A.§ 11101(32) or a credit union as defined in 8 V.S.A. § 30101(5)); (iii) I am seeking employment with a financial institution that accepts deposits that are insured by a federal agency, or an affiliate or subsidiary of the financial institution or a credit union share guaranty corporation that is approved by the Maryland Commissioner of Financial Regulation or an entity or an affiliate of the entity that is registered as an investment advisor with the United States Securities and Exchange Commission (Maryland only); (iv) I am seeking employment in a position which involves access to confidential financial information (Vermont only); (v) I am seeking employment in a position which requires a financial fiduciary responsibility to the employer or a client of the employer, including the authority to issue payments, collect debts, transfer money, or enter into contracts (Vermont only); (vi) COMPANY can demonstrate that the information is a valid and reliable predictor of employee performance in the specific position being sought or held; (vii) I am seeking employment in a position that involves access to an employer's payroll information (Vermont only); (viii) the information is substantially job related, and the bona fide reasons for using the information are disclosed to me in writing, (complete the question below) (Connecticut, Maryland, Oregon and Washington only);(ix) I am seeking employment as a covered law enforcement officer, emergency medical personnel, firefighter police officer, peace officer or other law enforcement position (California, Oregon and Vermont only - in Oregon the police or peace officer position must be sought with a federally insured bank or credit union and in Vermont the law enforcement officer position must be as defined in 20 V.S.A. § 2358, the emergency medical personnel must be as defined in 24 V.S.A. § 2651(6), and the firefighter position must be as defined in 20 V.S.A. § 3151 (3)); (x) the COMPANY reasonably believes I have engaged in specific activity that constitutes a violation of law related to my employment (Connecticut only); (xi) I am seeking a position with the state Department of Justice (California only); (xii) I am seeking a position as an exempt managerial employee (California only); and/or (xiii) I am seeking employment in a position (other than regular solicitation of credit card applications at a retail establishment) that involves regular access to all of the following personal information of any one person: bank or credit card account information, social security number, and date of birth, I am seeking employment in a position that requires me to be a named signatory on the employer's bank or credit card or otherwise authorized to enter into financial contracts on behalf of the employer, I am seeking employment in a position that involves access to confidential or proprietary information of the Company or regular access to $10,000 or more in cash (California only).

Bona fide reasons why COMPANY considers credit information substantially job related (complete if this is the sole basis for obtaining credit information) or in California the COMPANY'S basis for the credit check.

The reason for running a credit report will be provided to me by my potential employer/employer on a separate document.

NY Applicants Only: I also acknowledge that I have received the attached copy of Article 23A of New York's Correction Law. I further understand that I may request a copy of any investigative consumer report by contacting STERLING. I further understand that I will be advised if any further checks are

Case 2:17-cv-01165 0202513

requested and provided the name and address of the consumer reporting agency.

**California Applicants and Residents:** If I am applying for employment in California or reside in California, I understand I have the right to visually inspect the files concerning me maintained by an investigative consumer reporting agency during normal business hours and upon reasonable notice. The inspection can be done in person, and, if I appear in person and furnish proper identification; I am entitled to a copy of the file for a fee not to exceed the actual costs of duplication. I am entitled to be accompanied by one person of my choosing, who shall furnish reasonable identification. The inspection can also be done via certified mail if I make a written request, with proper identification, for copies to be sent to a specified addressee. I can also request a summary of the information to be provided by telephone if I make a written request, with proper identification for telephone disclosure, and the toll charge, if any, for the telephone call is prepaid by or directly charged to me. I further understand that the investigative consumer reporting agency shall provide trained personnel to explain to me any of the information furnished to me; I shall receive from the investigative consumer reporting agency a written explanation of any coded information contained in files maintained on me. "Proper identification" as used in this paragraph means information generally deemed sufficient to identify a person, including documents such as a valid driver's license, social security account number, military identification card and credit cards. I understand that I can access the following website - http://www.sterlinginfosystems.com/privacy - to view STERLING'S privacy practices, including information with respect to STERLING'S preparation and processing of investigative consumer reports and guidance as to whether my personal information will be sent outside the United States or its territories.

**Washington State** applicants or employees only: You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.

LAW ENFORCEMENT AGENCIES AND OTHER ENTITIES FOR POSITIVE IDENTIFICATION PURPOSES REQUIRE THE FOLLOWING INFORMATION WHEN CHECKING PUBLIC RECORDS. IT IS CONFIDENTIAL AND WILL NOT BE USED FOR ANY OTHER PURPOSES. PLEASE PRINT CLEARLY.

| Electronic Signature | | | 2/12/2015 | | | |
|---|---|---|---|---|---|---|
| Signed | | | Today's Date | | | |
| Franklyn Ray Medina | | | Machandiser | | | |
| Name as it appears on your driver's license | | | Position Applied For | | | |
| :34 | | :/1985 | :87 | | | PA |
| Social Security Number | | Date of Birth | Driver's License Number | | | State |

Other names you have used or are also known as, including maiden name, name changes and any aliases

| | | | | | | | Mo./Yr. | / | Mo./Yr. |
|---|---|---|---|---|---|---|---|---|---|
| Current Address: | Redacted | | | Wallingford | PA | Redacte | 3/2006 | | |
| | Street | Apt.# | City | State | Zip Code | From | | | |
| Former Address: | | | | | | | / | | |
| | Street | Apt.# | City | State | Zip Code | From | | / To? | |
| Former Address: | | | | | | | / | | |
| | Street | Apt.# | City | State | Zip Code | From | | / To? | |
| Former Address: | | | | | | | / | | |
| | Street | Apt.# | City | State | Zip Code | From | | / To? | |

| name | Medina, Franklyn Ray | date | 2/12/2015 |
|---|---|---|---|
| sign | *Franklyn Medina* | | |

## VERIFICATION

I, Franklyn Medina, hereby state:

1.     I am the plaintiff in this action;

2.     I verify that the factual statements made in the accompanying complaint are true and correct to the best of my knowledge and belief; and

3.     I understand that the statements in the accompanying complaint are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: February 6, 2017

Franklyn Medina

Case ID: 170202513